IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| SUSAN SIU., | ) | Civ. No. 07-00386 BMK |
| | ) | |
| Plaintiff, | ) | ORDER GRANTING IN PART |
| | ) | AND DENYING IN PART |
| vs. | ) | DEFENDANTS' BILL OF COSTS |
| | ) | |
| KANTHI DE ALWIS; CITY AND | ) | |
| COUNTY OF HONOLULU; | ) | |
| WILLIAM W. GOODHUE; ALICIA | ) | |
| KAMAHELE; and DENISE | ) | |
| TSUKAYAMA, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS'
BILL OF COSTS

Before the Court is Defendants Kanthi De Alwis, City and County of

Honolulu, William W. Goodhue, Alicia Kamahele, and Denise Tsukayama's

(collectively "Defendants") Bill of Costs.  (Doc. # 332.)  Plaintiff Susan Siu

("Plaintiff") opposes Defendants' Bill of Costs.  (Doc. # 337.)  Pursuant to

Rule LR7.2(d) of the Local Rules of Practice of the United States District Court for

the District of Hawaii ("Local Rules"), the Court elects to decide this matter

without a hearing.  After careful consideration of Defendants' Bill of Costs, and

the supporting and opposing memoranda, the Court GRANTS IN PART and

DENIES IN PART Defendants' request for costs.

BACKGROUND

On July 20, 2007, Plaintiff filed a Complaint against Defendants, among others.  (Doc. # 1.)  On October 24, 2007, Plaintiff filed a First Amended Complaint.  (Doc. # 35.)  On February 13, 2009, the parties filed a Stipulation for Partial Dismissal with Prejudice as to Counts 4, 11, 12, 13, and 15 of Plaintiff's First Amended Complaint (the "Stipulation").  (Doc. # 184.)  The Stipulation provided, among other things, that the parties would bear their own costs with respect to the counts that were dismissed.  (Doc. # 184 at 3.)  Remaining, were Plaintiff's claims against Defendants alleging violations of her rights under Title VII, Hawaii Revised Statutes ("H.R.S.") §§ 378-2 and 378-62, the First Amendment to the United States Constitution, as well as Plaintiff's state tort claims for conspiracy, intentional infliction of emotional distress, and negligent infliction of emotional distress.  (Doc. # 211 at 6.)

On February 26, 2009, Defendants filed a Motion for Summary Judgment.  (Doc. # 185.)  By Order filed June 18, 2009, Judge David Alan Ezra granted in part and denied in part Defendants' Motion for Summary Judgment. (Doc. # 211.)  Specifically, Judge Ezra granted summary judgment with respect to all of Plaintiff's remaining claims except those against the City and County of Honolulu ("City") relating to a hostile work environment under Title VII and

H.R.S. § 378-2.  (Doc. # 211 at 11, 13-14, 26.)

On March 23, 2010, the case went to trial.  (Doc. # 314.)  On March 31, 2010, the jury returned a verdict in favor of the City.  (Docs. ## 332, 329.)  Judgment was entered in favor of the City and an Amended Judgment was entered in favor of Defendants on April 2, 2010.  (Docs. ## 330, 331.)  On April 30, 2010, Plaintiff filed a Notice of Appeal.  (Doc. # 340.)

<u>DISCUSSION</u>

Defendants filed a Bill of Costs on April 16, 2010, seeking costs in the amount of $35,318.10 pursuant to Rule 54(d) of the Federal Rules of Civil Procedure ("FRCP").  (Bill of Costs Ex. A at 8.)  FRCP Rule 54(d) provides, "Unless a federal statute, these rules, or a court order provides otherwise, costs–other than attorney's fees–should be allowed to the prevailing party."  On April 20, 2010, Defendants filed a Bill of Costs Form AO 133.  (Doc. # 333.)

Plaintiff filed an opposition to Defendants' Bill of Costs on April 23, 2010.  (Doc. # 337.)  In her opposition, Plaintiff objects to Defendants' request for costs on the following grounds: (1) Defendants' Bill of Costs Form AO 133 was untimely, (2) Defendants' costs are unconscionable and were requested in bad faith, (3) Defendants' expert costs are not allowed, (4) costs incurred prior to February 13, 2009 are related to counts that were dismissed

3

pursuant to the Stipulation, (5) Plaintiff requested that her copy of Defendants' trial exhibits be produced in portable document format ("PDF"), (6) Defendants' request for costs should be stayed until Plaintiff's appeal is complete.  The Court addresses Plaintiff's objections in turn.

I.          Timeliness

Local Rule LR54.2(b) provides, "Unless otherwise ordered by the court, a Bill of Costs shall be filed and served within fourteen (14) days of the entry of judgment . . . ."  Plaintiff argues that Defendants' request for costs was untimely as Defendants filed their Bill of Costs Form AO 133 on April 20, 2010, eighteen days after judgment was entered.  (Opp'n at 3.)

Defendants argue that a Bill of Costs Form AO 133 is not the only means by which a party may request costs.  (Reply at 2.)  Defendants argue that they filed a document entitled "Bill of Costs" on April 16, 2010, fourteen days after judgment was entered.  (See id. at 2-3.)  Defendants argue that this document satisfies all of the requirements set forth in Local Rule LR54.2.  (Id.)

Local Rule LR54.2(c) provides that a "Bill of Costs must state separately and specifically each item of taxable costs claimed."  The Rule further provides that the Bill of Costs "must be supported by a memorandum setting forth the grounds and authorities supporting the request and an affidavit that the costs

4

claimed are correctly stated, were necessarily incurred, and are allowable by law."
Id.  "Any vouchers, bills, or other documents supporting the costs being requested"
must be attached to the Bill of Costs as exhibits.  Id.  The Rule provides that the
"[p]arties *may* use the Bill of Costs Form AO 133, which is available from the
clerk's office and the court's website."  Id. (emphasis added).

The Court concludes that Defendants' document entitled "Bill of
Costs" satisfies the foregoing requirements.  Defendants were not required to file a
Bill of Costs Form AO 133.  Accordingly, Plaintiff's objection with respect to the
timeliness of Defendants' request for costs is DENIED.

II.        Unconscionability and Bad Faith

Plaintiff argues that Defendants' request for costs should be denied for
unconscionability and bad faith.  (Opp'n at 9-10.)  Defendants argue that Plaintiff
does not cite any authority in support of her arguments of unconscionability and
bad faith.  (Reply at 5.)  Because there is no evidence that the costs requested are
unconscionable or that Defendants made their request in bad faith, these objections
to Defendants' request for costs are DENIED.

III.       Expert Costs

Plaintiff argues that Defendants' expert costs are not allowed.  (Opp'n
at 4-5.)  Plaintiff argues that pursuant to Local Rule LR54.2(c), Defendants'

request for costs must "set[ ] forth the . . . authorities supporting the request . . . ." (Opp'n at 4.)  Plaintiff notes that the only authority Defendants offer in support of their request for expert costs is 28 U.S.C. § 1920.  (Id.)  This section provides in relevant part:

> A judge or clerk of any court of the United States may tax as costs the following:
>
> . . .
>
> (6)   ***Compensation of court appointed experts***, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920 (emphasis added).  Plaintiff, however, argues that Defendants' expert costs cannot be taxed pursuant to this section as Defendants' experts were not court appointed.  (Opp'n at 5.)  The Court agrees with Plaintiff and therefore denies Defendants' request for expert costs pursuant to 28 U.S.C. § 1920.

Defendants, in their reply, argue that they are entitled to expert fees as part of their costs under Title VII.  (Reply at 3.)  Defendants argue that under Title VII, a court may award a prevailing defendant expert fees if the court finds that the plaintiff's action was "'frivolous, unreasonable, or without foundation . . . .'"  (Id. (quoting Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 421(1978)).)   Defendants argue that Plaintiff's action meets the foregoing

criteria.  (Id.)

Title VII provides that the "court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fees (including expert fees) as part of the costs . . . ." 42 U.S.C. § 2000e-5(k).  While the statute's language appears to apply equally to both prevailing plaintiffs and prevailing defendants, the Supreme Court, in Christiansburg Garment Co., 434 U.S. at 421, limited the court's discretion to award fees to a prevailing **_defendant_** to situations where the court finds that the plaintiff's action was "frivolous, unreasonable, or without foundation . . . ."  The Supreme Court cautioned, "It is important that a district court resist the understandable temptation to engage in post hoc reasoning by concluding that, because a plaintiff did not ultimately prevail, [her] action must have been unreasonable or without foundation."  Id. at 421-22.

In this case, the Court concludes that Plaintiff's action was not frivolous, unreasonable, or without foundation.  Plaintiff's action survived Defendants' Motion for Summary Judgment.  The Ninth Circuit recognizes that surviving dispositive motions is "evidence that the claim is not without merit." Herb Hallman Chevrolet, Inc. v. Nash-Holmes, 169 F.3d 636, 645 (9th Cir. 1999). Accordingly, Defendants may not recover expert fees as part of their costs under Title VII.

7

Defendants, however, may recover as costs, fees for their expert witnesses' attendance at trial and their deposition.  Pursuant to Local Rule LR54.2(f)(3), "[p]er diem, subsistence, and mileage payments for witnesses are allowable to the extent reasonably necessary and provided for by 28 U.S.C. § 1821."  Title 28 U.S.C. §§ 1821(a) and (b) provide that "a witness in attendance at any court of the United States . . . or before any person authorized to take his deposition pursuant to any rule or order of a court of the United States" is entitled to an "attendance fee of $40 per day for each day's attendance."   Thus, the Court concludes that Defendants are entitled to fees of $80.00 for Dr. Byron Eliashof's attendance at trial and his deposition and $40.00 for Dr. Martin Blinder's attendance at trial.  (Bill of Costs Ex. A at 6-7.)  The Court concludes that the remainder of Defendants' request for expert costs is not taxable.  See LR54.2(f)(3) ("Unless otherwise provided by law, fees for expert witnesses are not taxable in an amount greater than that statutorily allowable for ordinary witnesses."); see also Crawford Fitting Co. v. J. T. Gibbons, Inc., 482 U.S. 437, 439 (1987) (holding that "when a prevailing party seeks reimbursement for fees paid to its own expert witnesses, a federal court is bound by the limit of § 1821(b) absent contract or explicit statutory authority to the contrary").  Accordingly, the Court DEDUCTS

$24,274.62[1] from Defendants' request.

IV.        Costs Incurred Prior to February 13, 2009

Plaintiff argues that costs incurred prior to February 13, 2009 should be denied as they are related to counts that were dismissed pursuant to the Stipulation.  (Opp'n at 5-8.)  Plaintiff notes that the Stipulation provided, "All parties [are] to bear their own costs and attorneys' fees with respect to the dismissed counts."  (Id. at 6 (quoting Doc. # 184 at 3) (quotations omitted).)

Defendants argue that costs incurred prior to February 13, 2009 should not be denied simply because they predate the Stipulation.  (Reply at 3-5.) Defendants argue that these costs were necessarily incurred to defend against Plaintiff's claims on summary judgment and at trial.  (Id. at 4.)

While Plaintiff is correct that the Stipulation provided that the parties would bear their own costs with respect to the counts that were dismissed, the Stipulation dismissed only Counts 4, 11, 12, 13, and 15 of Plaintiff's First Amended Complaint.  (Doc. # 184.)  Remaining, were Plaintiff's claims against Defendants alleging violations of her rights under Title VII, H.R.S. §§ 378-2 and 378-62, the First Amendment, as well as Plaintiff's state tort claims for conspiracy, intentional infliction of emotional distress, and negligent infliction of emotional

---

[1] $24,394.62 – ($80 + $40) = $24, 274.62.  (Bill of Costs Ex. A at 7.)

9

distress.  (Doc. # 211 at 6.)  The Court concludes that the costs to which Plaintiff objects were necessarily incurred to defend against these claims on summary judgment and at trial.  Thus, Plaintiff's objection to such costs is DENIED.

V.          <u>Cost of Plaintiff's Copy of Defendants' Trial Exhibits</u>

Plaintiff argues that she should not be required to pay for her copy of Defendants' trial exhibits.  (Opp'n at 8.)  Plaintiff argues that she asked Defendants to produce her copy in PDF.  (<u>Id.</u>)  Defendants argue that there is no requirement that they produce copies of documents in PDF.  (Reply at 5.)

The Court declines to deduct from Defendants' request, the cost of Plaintiff's copy of Defendants' trial exhibits.  The Court notes that Plaintiff accepted her copy in the form in which Defendants produced it.  Accordingly, Plaintiff's objection is DENIED.

VI.         <u>Staying Defendants' Request for Costs</u>

Lastly, Plaintiff argues that Defendants' request for costs should be stayed until Plaintiff's appeal is complete.  (Opp'n at 10.)  The Court concludes that there is no grounds for a stay, and therefore, Plaintiff's request for a stay is DENIED.

<u>CONCLUSION</u>

In accordance with the foregoing, the Court GRANTS IN PART and

10

DENIES IN PART Defendants' request for costs.  Specifically, the Court awards

Defendants $11,040.48[2] in costs.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, May 19, 2010.



 /S/ Barry M. Kurren
Barry M. Kurren
United States Magistrate Judge

---

[2] $35,318.10 - $24,274.62 = $11,043.48.

<u>Siu v. De Alwis, et al.</u>, CV. NO. 07-00386 BMK; ORDER GRANTING IN PART
AND DENYING IN PART DEFENDANTS' BILL OF COSTS.